# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

IN RE ERNEST BUSTOS § 
§ 
§   No. SA-09-MC-704-XR
§ 
§ 
§ 

## ORDER

On this day came on to be considered Ernest Bustos' motion to quash and motion to vacate. Mr. Bustos resides in the Western District of Texas, San Antonio Division. On August 27, 2009, the Honorable Owen M. Panner (D. Oregon) entered an order finding that Mr. Bustos was in civil contempt because he had repeatedly failed to produce certain documents that were previously ordered produced.[1] Courts have inherent authority to enforce their orders. See also 18 U.S.C. § 401(3). Judge Panner noted that Mr. Bustos could purge his contempt by complying with the Court's previous orders. Judge Panner directed that a bench warrant for Mr. Bustos's arrest be issued. Further, the Court's order directed that the U.S. Marshal for the Western District of Texas take Mr. Bustos into custody and deliver him to Oregon for an appearance before his court.

On August 29, 2009, Western District of Texas deputy marshals arrested Mr. Bustos pursuant

---

[1] Ernest Bustos has intervened in 01-cv-1283 styled Securities and Exchange Commission v. Alpha Telcom, Inc. et al. This lawsuit was filed in the District of Oregon by the United States Securities and Exchange Commission to enjoin the sale of unregistered securities. Mr. Bustos worked as a sales agent for Alpha Telcom, selling investments styled as purchases of pay telephones and management services from Alpha Telcom and its affiliates. The SEC argued that this was a Ponzi scheme. The SEC later sought to recover commissions paid to Bustos and other sales agents.

to the civil contempt order.[2] Mr. Bustos has now filed the pending motions arguing that the District of Oregon lacked any personal jurisdiction over him regarding the Alpha Telcom lawsuit and accordingly the court lacked any authority to order that any documents be produced by him and lacked any authority to issue any civil contempt order. In support of his argument, Bustos argues that the Ninth Circuit Court of Appeals has previously found that the District Court of Oregon lacked jurisdiction to enter any disgorgement order against him. See S.E.C. v. Ross, 504 F.3d 1130 (9th Cir. 2007).

These motions appear to present a novel issue. This Court has been unable to locate any case wherein one district court has quashed an order of civil contempt entered by another district court. This Court is also unsure what activity has taken place in the Alpha Telcom case since the Ninth Circuit's opinion was issued. The Court further notes that Bustos has not brought these matters as a petition for writ of habeas corpus. Accordingly, it is not apparent to this court that it has jurisdiction to entertain Mr. Bustos's motions. Assuming arguendo that Mr. Bustos is correct that the District Court of Oregon lacks jurisdiction over him as it pertains to any disgorgement proceeding, it is not clear that the District Court of Oregon loses its inherent contempt powers. In any event, if Mr. Bustos contends that the District Court of Oregon erred in entering any discovery orders or the civil contempt order, Mr. Bustos has the ability to appeal these orders to the Ninth Circuit. Accordingly, to the extent that this court has jurisdiction to entertain the pending motions, this Court defers and finds that these matters are more properly considered by the District Court of Oregon or the Ninth Circuit.

---

[2]On August 29, Mr. Bustos appeared before Western District of Texas Magistrate Judge Nancy Nowak. Magistrate Judge Nowak released Mr. Bustos conditioned upon a bond. In addition, the terms of the bond require Bustos to appear before Judge Panner in Oregon on September 8.

Mr. Bustos's motion to quash (docket no. 1) and Bustos's motion to vacate (docket no. 2) are denied without prejudice to refiling in the District Court of Oregon or the Ninth Circuit Court of Appeals.

It is so ORDERED.

SIGNED this 1st day of September, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE